UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61865-CV-COHN/SELTZER

FRANKIANA BENCOSME,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT

**THIS CAUSE** is before the Court on Defendant Target Corporation's Motion to Dismiss for Fraud on the Court [DE 47] ("Motion"). On April 18, 2014, the Court advised the parties that it was converting Defendant's Motion into one for summary judgment because Defendant had supported its Motion with extrinsic evidence. See DE 57. The Court also set a deadline of May 2, 2014, for *pro se* Plaintiff to file any opposition to Defendant's Motion. Id. To date, however, Plaintiff has not filed any opposition. Accordingly, after carefully reviewing Defendant's unopposed Motion, the record in this case, and being otherwise duly advised in the premises, the Court grants Defendant's Motion.

## I. BACKGROUND

This is a straightforward slip-and-fall case. In her single-count Complaint for negligence, Plaintiff claims that she was injured when she slipped and fell in Defendant's parking lot on November 23, 2010. Compl. [DE 1-2]. Plaintiff alleges that she was exiting Defendant's store with a coffee cup in her hand when she "slipped on

1

the slick wet walkway and suddenly and violently fell forward, striking her right knee and body against the hard concrete walkway, and as a result she severely injured her right knee, right shoulder, back and neck and suffered other injuries." Id. ¶ 6.

During discovery, Plaintiff answered an interrogatory by swearing that her slip-and-fall had resulted in injuries to her "[n]eck, right upper extremity from shoulder to finger tips, right flank, low back, right hip and right knee," including a "herniated disk in her neck, the SLAP tear in her right shoulder, and the medial meniscal tear in her right knee . . . ." Pl.'s Interrogatory Answers [DE 47-2] ¶ 13. Plaintiff's medical records likewise evinced that she had complained to her doctor about pain in her neck, right shoulder, right hip, right knee, and right ankle. See Accident/Injury Summary [DE 48-1]. In addition, during Plaintiff's deposition, she testified that:

1. On the day of the accident, she "fell on [her] right knee." Benscome Dep. [DE 48-1] at 9:5-10:24.

2. Plaintiff's right arm flew up and back during the fall, causing her injury. Id. at 51:6-17.

3. Plaintiff was then helped to her feet by an elderly couple. Id. at 10:1-8; 52:25-54:19. The elderly couple advised Plaintiff to report the accident. Id. They then walked Plaintiff into Defendant's store to complete an incident report. Id. at 10:9-24.

After giving this testimony, Plaintiff was then shown a surveillance video of her accident. Id. at 100:9-109:14. That video showed that as Plaintiff was walking across Defendant's parking lot, she stumbled slightly and her *left* knee—not her right knee—momentarily touched the ground.[1] See Surveillance Video [DE 51] at 8:08:04-8:08:54. Plaintiff then stood up on her own, briefly looked around, and continued walking. Id. After seeing the video, Plaintiff admitted that the video showed her and her accident,

---

[1] Defendant has filed a copy of the surveillance video with the Court. See DE 51.

2

and then began complaining that her "left knee hurts" too.  Benscome Dep. [DE 48-1] at 104:14-17, 110:11-13.

## II. LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant meets its burden, then the burden shifts to the non-moving party to come forward with sufficient "evidence from which a jury might return a verdict in [her] favor." Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992) (citation omitted).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

Defendant argues, in effect, that the Court should grant summary judgment in its favor on Plaintiff's negligence claim.  As grounds, Defendant contends that the record evidence—specifically, the surveillance video of Plaintiff's accident—directly contradicts Plaintiff's claim and, thus, no genuine factual dispute exists for trial.  Despite ample opportunity, Plaintiff has not filed any opposition to Defendant's well-supported Motion.

3

Having carefully reviewed Defendant's Motion and the record evidence, the Court agrees with Defendant.

In the Complaint, Plaintiff alleges that she slipped "on the slick wet walkway [in Defendant's parking lot] and *suddenly and violently fell forward, striking her right knee and body against the hard concrete walkway* . . . ." Compl. ¶ 6 (emphasis added). As a result of her slip-and-fall, Plaintiff alleges that she injured her right knee, right shoulder, back and neck. Plaintiff bolstered these allegations with an interrogatory answer, swearing that she had injured her right upper extremity, her right flank, her right hip and her right knee as a result of the fall. She also told her doctor that she had pain in her right shoulder, right hip, right knee, and right ankle, all as a result of falling on the concrete. During her deposition, Plaintiff continued to claim that she fell "on [her] right knee," and that her right arm had flung back in the air during the fall, causing further injuries. She further testified that an elderly couple helped picked her up off the ground before escorting her inside Defendant's store to fill out an incident report.

All these claims, however, fly in the face of the undisputed surveillance video of Plaintiff's slip-and-fall incident. See Surveillance Video [DE 51] at 8:08:04-8:08:54. To be sure, the video shows Plaintiff exiting Defendant's store with a cup of coffee in her right hand. As she crossed the parking lot, Plaintiff stumbled slightly and her *left* knee briefly touched the ground. No other part of Plaintiff's body touched the ground. Nor did Plaintiff's arm flail backwards. Nor did an elderly couple—let alone anyone at all— help Plaintiff to her feet and escort her inside Defendant's store. Instead, after rising to her feet, Plaintiff briefly looked around before continuing to walk into the parking lot. After several seconds, she turned around and headed back towards Defendant's store.

4

The Court finds this video evidence sufficient to satisfy Defendant's initial burden of showing that no genuine factual dispute exists for trial and that Defendant is entitled to judgment as a matter of law.  See e.g., Anderson v. Lofland, No. 4:09-cv-142, 2011 WL 3555666, at *13 (N.D. Fla. July 12, 2011) (finding no genuine factual dispute existed where "video evidence contradicts Plaintiff's claims").  The burden thus shifts to Plaintiff, as the non-moving party, to come forward with sufficient "evidence from which a jury might return a verdict in [her] favor."  Lowe, 958 F.2d at 1569.  This, Plaintiff has failed to do.  First, despite ample opportunity, Plaintiff has not filed *any* opposition to Defendant's Motion.  Second, when confronted with the surveillance video during her deposition, Plaintiff did not deny that the video depicted her and her "accident."  Instead, she merely claimed that her "left knee hurts" too, and asked why the video showed neither her falling on her *right* knee nor the elderly couple helping her to her feet.  Such weak protestations, however, are insufficient to meet Plaintiff's burden of showing sufficient evidence from which a jury could return a verdict in her favor.

In sum, because the undisputed evidence shows that Plaintiff did not "suddenly and violently [fall] forward, striking her right knee and body against the hard concrete walkway" in Defendant's parking lot, as she alleged, the Court finds that summary judgment for Defendant is warranted.  See e.g., Anderson, 2011 WL 3555666 at *13 (granting summary judgment for defendant "because the video evidence contradicts Plaintiff's claims"); Spikes v. Butts, No. 5:08-cv-131, 2010 WL 3069130, at *3-4 (M.D. Ga. Aug. 3, 2010) (granting summary judgment for defendant because plaintiff's claim was "completely contradicted by the video evidence").

For these reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Target Corporation's Motion [DE 47] is **GRANTED**. The Court will enter a separate Final Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of May, 2014.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to counsel of record and *pro se* Plaintiff.